**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

*In re* Application of

INTERGLOBE ENTERPRISES PRIVATE LIMITED and RAHUL BHATIA

For an Order to Take Discovery from Rakesh Gangwal, the Chinkerpoo Family Trust, and Shobha Gangwal Pursuant to 28 U.S.C. § 1782 in Aid of a Foreign Proceeding

Civil Action No. 1:19mc24257

# ***EX PARTE*** **APPLICATION TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

InterGlobe Enterprises Private Limited ("**IGE**") and Rahul Bhatia (collectively, "**Petitioners**" or "**Claimants**"), by their undersigned counsel, respectfully submit this Application to take discovery of Mr. Rakesh Gangwal, the Chinkerpoo Family Trust, and Ms. Shobha Gangwal, pursuant to 28 U.S.C. § 1782.

## NATURE OF THE APPLICATION

1. This is a proceeding brought pursuant to 28 U.S.C. § 1782 to obtain documentary and testimonial evidence from Mr. Gangwal, the Chinkerpoo Family Trust, and Ms. Shobha Gangwal (the "**RG Group**") for use in foreign proceedings.

2. Pursuant to 28 U.S.C. § 1782(a), district courts are authorized to order persons found or residing in their district to provide evidence in support of foreign proceedings.

3. As set forth in the accompanying October 15, 2019 Declaration of Dheeraj Nair ("**Nair Dec.**"), the evidence that Petitioners seek is for use in an arbitration ("**LCIA Arbitration**") commenced by Petitioners on October 1, 2019 before the London Court of International Arbitration (India) ("**LCIA**") under the LCIA India Arbitration Rules 2016 against the RG Group and InterGlobe Aviation Limited ("**IndiGo**" or the "**Company**")[1] (collectively,

[1] IndiGo is a necessary and proper party to the LCIA Arbitration so that it may make its own representations and also to ensure that any relief granted either on an interim or final basis is effective. *See* Nair Dec. at ¶ 6.

the "**Arbitration Respondents**"). The LCIA Arbitration is seated in New Delhi, India. *See* Nair Dec., ¶ 1. The LCIA Arbitration involves a dispute arising out of a Second Shareholders' Agreement executed on April 23, 2015, as amended on September 17, 2015 ("**Second SHA**"), by and between IGE, Mr. Rahul Bhatia, Ms. Rohini Bhatia, Mr. Kapil Bhatia (collectively, the "**IGE Group**"), the RG Group and IndiGo. *Id*. at ¶ 9.

4. The Second SHA governs "the agreement and relationship between the IGE Group and the RG Group and their rights and obligations in relation to the Company." *Id*. at ¶ 9. Specifically, the Second SHA provides that the IGE Group has certain "critical controlling rights in IndiGo, and that the IGE Group retains these rights in IndiGo irrespective of the shareholding levels . . . of the IGE Group and the RG Group in IndiGo." *Id*. at ¶ 9.

5. Petitioners seek to obtain documents and testimony related to breaches by Mr. Gangwal and/or other members of the RG Group of the Second SHA and their obligations to perform the Second SHA in good faith under Indian law. *Id*. at ¶¶ 2-6, 9. Mr. Gangwal on behalf of himself and the RG Group has "fundamentally breached the Second SHA through a destructive and very public campaign to cause harm to the Company and the members of the IGE Group [through] actions [that] have been entirely self-serving, had no legitimate purpose and were animated by a desire to dilute the controlling rights of the IGE Group in IndiGo." *Id*. at ¶ 11. The RG Group, at the behest of Mr. Gangwal, failed to comply with its express obligations under the Second SHA, resulting in harm to the Company and to the members of the IGE Group.

6. As is discussed in greater detail in Petitioners' accompanying memorandum of law, this Application:

a. Meets the three statutory requirements set forth in 28 U.S.C. § 1782 for granting a § 1782 application; and

b. Satisfies the four discretionary factors annunciated by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004) for granting a § 1782 application.

7. As Petitioners' accompanying memorandum of law further describes, Section 1782 applications are routinely granted *ex parte*. Granting this Application on an *ex parte* basis will not impinge upon Arbitration Respondents' due process rights, as they may subsequently

move to quash the subpoenas and/or vacate the order granting the Application. *In re Bernal*, No. 18-21951-MC, 2018 WL 6620085, at *10 (S.D. Fla. Dec. 18, 2018) (granting motion to quash in part); *In re Application of MTS Bank*, No. 17-21545-MC, 2017 WL 3276879, at *13 (S.D. Fla. Aug. 1, 2017) (granting motion to quash in part); *In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d 1296, 1306 (S.D. Fla. 2012) (a party moving to quash a subpoena "must show the subpoena subjects him to undue burden)."

8. Accordingly, Petitioners seek an Order allowing them to serve subpoenas which are the same, or substantially similar to, those attached hereto as **Exhibit A** (the "**Subpoenas**").

## THE PARTIES

9. Petitioner IGE is a leading Indian conglomerate with businesses in the civil aviation, hospitality, travel, education, pilot training, and real estate sectors. Petitioner Rahul Bhatia is a successful Indian businessman who is the Group Managing Director of IGE, and is a shareholder, co-founder, promoter and Non-Executive Director of IndiGo. Nair Dec., ¶ 2.

10. Mr. Gangwal is an American businessman who resides in this District and is a shareholder, co-founder, promoter, and Non-Executive Director of IndiGo. Prior to his involvement with IndiGo, Mr. Gangwal has held senior management positions with several aviation companies, including Air France, United Airlines, and U.S. Airways. Mr. Gangwal resides in Miami-Dade, Florida, and also in Fairfax, Virginia. *Id.* at ¶ 3.

11. The Chinkerpoo Family Trust is a personal trust formed on March 23, 2006 under the laws of the State of Delaware. Mr. Gangwal is the grantor of the trust, Ms. Gangwal and the JP Morgan Trust Company of Delaware are its trustees, and Ms. Parul Gangwal is the primary beneficiary. Its place of business is in Indian Creek Village, Florida, 33154, which is in this District. *Id.* at ¶ 4.

12. Ms. Shobha Gangwal is the wife of Mr. Gangwal and resides in this District in Miami-Dade, Florida and also in Fairfax, Virginia. *Id.* at ¶ 5. Ms. Gangwal is also a shareholder of IndiGo. As mentioned, Mr. Gangwal, the Chinkerpoo Family Trust, and Ms. Gangwal are collectively referred to as the RG Group.

13. The RG Group (and/or its individual members) are believed to possess discoverable information relevant to the claims that form the subject matter of the LCIA

Arbitration. Specifically, the requested documents and information relate to events, time periods, and relationships which members of the RG Group exploited to mount their campaign to dilute the critical controlling rights of the IGE Group.

**PROCEDURAL AND FACTUAL BACKGROUND SUPPORTING THE APPLICATION**

14. While the LCIA Arbitration is confidential, Petitioners provide the following broad summary of issues that may be useful for understanding the present application for relief under 28 U.S.C. § 1782.

15. The troubles between the IGE Group and the RG Group started in early July 2018 when Mr. Gangwal stepped away from his role as an adviser in relation to the acquisition of aircraft and engines for IndiGo and instead embarked upon a series of actions designed to put pressure on the IGE Group and IndiGo with a view to diluting the IGE Group's critical controlling rights in IndiGo. *Id.* at ¶ 11(a). In so doing, Mr. Gangwal's actions have directly harmed the Company's share value and its public image.[2] *Id.*

16. Mr. Gangwal's improper pressure campaign included various actions and statements that have caused significant harm to the Company -- including to the Company's share value and its public image -- as well as to the members of the IGE Group.

17. For example, Mr. Gangwal made "misleading and false allegations regarding IndiGo's corporate governance and structure [by] rais[ing] unfounded complaints with respect to IndiGo's related party transactions ("**RPTs**") with the IGE Group companies, notwithstanding the fact that an independent review concluded that there were no substantive irregularities and that all contracts were executed on an arm's length basis and in the ordinary course of business." *Id.* at ¶ 11(b). Mr. Gangwal also publicly aired these unfounded complaints about the critical controlling rights of the IGE Group in breach of the Second SHA. *Id.* at ¶ 11(b).

18. Further, Mr. Gangwal publicly disseminated confidential and other sensitive information ("**Confidential Information**") of the Company, including confidential deliberations of IndiGo's board of directors ("**Board**") and confidential emails exchanged between members

---

[2] In fact, since Mr. Gangwal first made the dispute public IndiGo's stock has declined by 10.73% or approximately USD 1.2 billion. *Id.* at ¶ 13.

of the Board, in direct violation of the confidentiality obligations that he and the other members of the RG Group were bound to under the Second SHA. Specifically, Mr. Gangwal launched the webpage, "GovernanceIndia.com," where he uploaded Confidential Information regarding his dispute with Mr. Bhatia and IndiGo more broadly. *Id*. at ¶ 11(c). Additionally, Mr. Gangwal has made unfounded allegations to Indian regulatory and governmental authorities that the Company had improper RPTs with the IGE Group companies, that the Company was violating corporate governance standards, and that the critical controlling rights of the IGE Group were improper. *Id*. at ¶ 11(c). These unfounded allegations were distributed most notably, to the Securities and Exchange Board of India ("**SEBI**"), copying the Prime Minister of India, the Ministry of Finance, the Ministry of Commerce and Industry, the Ministry of Corporate Affairs, the Ministry of Civil Aviation, the Directorate General of Civil Aviation, the Bombay Stock Exchange and the National Stock Exchange of India. *Id*. at ¶ 11(c).

19. Additionally, Mr. Gangwal repeatedly attempted to obstruct the workings of IndiGo's Board, including by (i) unnecessarily objecting to the preservation of the IGE Group's controlling rights with respect to, *inter alia*, the appointment of key managerial personnel and senior management; (ii) proposing (a) the implementation of onerous procedures for RPTs with IGE Group companies, (b) the re-examination of all existing RPTs with IGE Group companies, and (c) the termination or renegotiation of the RPTs in certain circumstances; and (iii) obstructing Board resolutions to expand its size, including through the appointment of a woman independent director. *Id*. at ¶ 11(d).

20. Through their actions, Mr. Gangwal and the RG Group are in anticipatory repudiatory breach of the Second SHA, and actual breach of the Second SHA's confidentiality provisions, as well as their duty of good faith under Indian law. *Id. at ¶¶ 11(a)-(e).*

21. Thus, Petitioners seek declaratory, injunctive, and monetary relief in the LCIA Arbitration, relating to breaches of the Second SHA by Mr. Gangwal and/or each member of the RG Group. *Id.* at ¶ 11.

22. In the present instance, Petitioners seek assistance from this Court in obtaining discovery related to Mr. Gangwal and/or each member of the RG Group's breaches of the Second SHA, including their obligations to perform the Second SHA in good faith under Indian

law. Requested documents and information relate to events, time periods, and relationships which Mr. Gangwal and/or each member of the RG Group have exploited to mount their "destructive and very public campaign to cause harm to the Company and the members of the IGE Group." *Id.* at ¶ 11. Such discovery is solely intended to aid Petitioners in the LCIA Arbitration and to assist them with witness examination.

23. With respect to documents, Petitioners believe that members of the RG Group have within their possession, custody, or control the following:

a. Any and all documents evidencing or concerning communications with (i) any Third Parties, including employees of IndiGo; (ii) any independent Directors, including but not limited to Dr. Anupam Khanna, or (iii) any Shareholders, concerning:

   i. Any Detrimental Act(s);

   ii. The appointment of an independent woman Director or any other employee of the Company;

   iii. The expansion of the Board;

   iv. The Company's RPTs with the IGE Group companies;

   v. The KMP Policy.

b. Any and all documents or other evidence supporting or forming the basis of the EGM Requisitions.

c. Any and all documents or other evidence supporting or forming the basis of Mr. Gangwal's statement dated July 30, 2019 and all letters sent by Mr. Gangwal or his lawyers to SEBI, including but not limited to the letters dated July 8, 2019; July 9, 2019; August 5, 2019; and August 30, 2019.

d. Any and all documents evidencing or concerning any financial interest that any member of the RG Group may maintain in any entity, whether private or public, engaged in the operation of an airline, including

companies directly competing with IndiGo.

e. Any and all documents evidencing or concerning any financial gain to any member of the RG Group arising, directly or indirectly, from any Detrimental Act(s).

In addition, Petitioners seek to depose the members of the RG Group to:

a. Provide testimony concerning the above-mentioned subjects; and

b. Authenticate documents produced pursuant to the subpoena duces tecum.

24. Proposed Subpoenas directed toward members of the RG Group are attached hereto as **Exhibit A**.

WHEREFORE, Petitioners respectfully request that the Court grant their Application and allow Petitioners to serve Subpoenas upon Mr. Gangwal, the Chinkerpoo Family Trust, and Ms. Shobha Gangwal and such other and further subpoenas as are consistent with this application; and for the Court to retain jurisdiction over this matter for purposes of enforcing any subpoenas issued herein; and for such other and further relief as the Court deems just and proper.

Dated: October 15, 2019

Respectfully submitted,

*/s/ Leah Aaronson*

Leah Aaronson
James E. Berger (*pro hac vice* pending)
Charlene C. Sun (*pro hac vice* pending)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: (212) 556-2200
Fax: (212) 556-2222
laaronson@kslaw.com
jberger@kslaw.com

csun@kslaw.com

*Attorneys for Petitioners*